UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:**
**08-22934-CIV-MORENO**

IOANNIS SKORDILIS,

    Plaintiff,

vs.

CELEBRITY CRUISES, INC.,

    Defendant.
_____/

CLOSED CIVIL CASE

**ORDER COMPELLING ARBITRATION AND DENYING REMAND**

THIS CAUSE came before the Court upon Defendant's Motion to Compel Arbitration **(D.E. No. 2)**, filed on **October 28, 2008**, and Plaintiff's Motion to Remand **(D.E. No. 4)**, filed on **November 14, 2008**.

THE COURT has considered the motions, responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to compel arbitration is GRANTED, and the motion to remand is DENIED.

**BACKGROUND**

Plaintiff Ionnis Skordilis was allegedly injured while acting within the scope of his employment aboard one of Defendant Celebrity Cruises, Inc.'s vessels. It appears from the pleadings that Plaintiff's employment contract with Defendant included a collective bargaining agreement ("CBA") that provided for the arbitration of all disputes arising out of Plaintiff's employment. See Def. Mot. To Compel Arbitration, Ex. 1-2. Arbitration was to take place in Greece, the country of

Plaintiff's citizenship at the time both parties entered into the employment contract.

After allegedly suffering two different injuries aboard Defendant's cruise ship, Plaintiff filed suit in Dade County Circuit Court under the Jones Act, 46 U.S.C. § 30104,[1] and general maritime law. In Count I, Plaintiff alleges that Defendant was negligent after Plaintiff's eye was splashed with cleaning fluid on February 19, 2006. Plaintiff further alleges that Defendant's negligence caused him to slip on a puddle of liquid soap in a stairwell on the vessel. In Count II, Plaintiff alleges that the vessel was unseaworthy due to conditions created by Defendant's conduct. Trial was set for November 10, 2008.

In late October 2008, Defendant removed the case to federal court pursuant to 28 U.S.C. § 1441 and 9 U.S.C. § 205. The latter statute, part of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("The New York Convention"), explicitly states that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement...under the Convention, the defendant...may, at any time before the trial thereof, remove such action..." Thereafter, pursuant to 9 U.S.C. § 206, Defendant filed a motion seeking to compel arbitration and to stay the suit pending the arbitration's outcome. Although Plaintiff did not respond to Defendant's motion, Plaintiff filed a motion to remand the case back to the state court, tacitly opposing Defendant's motion to compel arbitration.

## ANALYSIS

As an initial matter, it is undisputed that the New York Convention governs the employment contract between the parties. 9 U.S.C. § 202. Furthermore, the Court follows well-settled precedent in this Circuit that a collective bargaining agreement ("CBA") between Plaintiff and Defendant

---

[1] formerly cited as 46 U.S.C. § 688.

containing an arbitration clause "is incorporated by reference into the main contract." *Allen v. Royal Caribbean Cruise, Ltd.*, No. 08-22014-CIV-UNGARO, 2008 WL 5095412, at *5 (S.D. Fla. Sept. 30, 2008) (citing *Acosta v. Norwegian Cruise Line, Ltd.*, 303 F. Supp.2d 1327, 1330 (S.D. Fla. 2003)); *See also Lobo v. Celebrity Cruises, Inc.*, 488 F.3d 891 (11th Cir. 2007) (affirming district court's order compelling arbitration based on the arbitration clause in the CBA).  Accordingly, the primary issue before the Court is whether the arbitration clause is enforceable.

**I. THE PARTIES MUST SUBMIT TO ARBITRATION**

In ruling on Defendant's motion to compel arbitration pursuant to the New York Convention, the Court conducts a "very limited inquiry." *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005).  The Court "must order arbitration unless four jurisdictional prerequisites are not met...or one of the Convention's affirmative defenses applies." *Id.* at 1294-95.  The Court must initially find that: (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen, or that the commercial relationship relates to a foreign state. *Id.* at 1295, n.7.  While Plaintiff did not directly respond to Defendant's motion to compel arbitration, Plaintiff's motion for remand takes issue with the fourth prerequisite because Plaintiff allegedly became a U.S. citizen after signing the employment contract, and after the commencement of this suit.  Secondly, Plaintiff asserts the affirmative defense that Defendant waived its right to arbitration.  The Court rejects Plaintiff's arguments, and finds that Plaintiff must submit to arbitration.

**A. Plaintiff's U.S. Citizenship Does Not Void the Arbitration Clause**

The fourth jurisdictional prerequisite requires that, either, a party to the agreement is not a

U.S. Citizen, or that the commercial relationship relates to a foreign state. Plaintiff was a Greek citizen in 2006 when he entered into the employment contract with Defendant. It was only after the filing of this lawsuit that Plaintiff received U.S. citizenship, on April 11, 2008. Plaintiff cites to no case, nor could the Court find any precedent, for the proposition that the non-citizenship prerequisite is not met where a party to the agreement later becomes a U.S. citizen. At the time of the contract's formation, the time of plaintiff's injury, and even at the commencement of this lawsuit in the 11th Circuit Court of Miami-Dade County, Plaintiff was not a U.S. citizen. Despite Plaintiff's urging, the Court declines to take this step with Plaintiff, for fear of slipping itself.

Even assuming *arguendo* that the Court must classify Plaintiff as an American citizen for the purpose of weighing the fourth jurisdictional prerequisite, the arbitration clause is still enforceable if the commercial relationship between the parties relates to a foreign state. Here, the employment contract was written in Greek and called for the application of Greek law, arbitration was to take place in Greece, and Plaintiff himself was a Greek citizen. Based on these facts, the Court finds that the commercial relationship relates sufficiently to Greece, satisfying the fourth jurisdictional prerequisite. Accordingly, the Court must compel arbitration absent any affirmative defenses raised by Plaintiff. *See Bautista*, at 1294-95.

### B. Defendant Did Not Waive Its Right to Arbitration

In regards to the application of the Convention's affirmative defenses, Plaintiff alleges that Defendant waived its right to arbitration. *See Id.* at 1302 (noting that the Convention provides for the affirmative defenses of fraud, mistake, duress, and waiver, any of which would render an arbitration clause "null and void"). Plaintiff alleges that Defendant's persistence in litigating this suit in state court up to a few weeks before trial constitutes a waiver of its right to enforce the arbitration

agreement. But the Convention states otherwise. "Where the subject matter of an action or proceeding in State court relates to an arbitration agreement or award falling under the Convention, the defendant...may, *at any time before trial thereof*, remove such action..." 9 U.S.C. § 205. Notwithstanding Plaintiff's discussion of various state law cases where Defendant's failure to enforce an arbitration agreement and instead pursue litigation effectively waives Defendant's right to arbitrate, the Court disagrees in the context of the New York Convention. Instead, the Court follows the express language of § 205, and the Convention's "strong presumption in favor of arbitration of international commercial disputes." *Bautista*, 396 F.3d at 1294.

## II. PLAINTIFF'S MOTION TO REMAND

Having found that the parties must submit to arbitration pursuant to the Convention, the Court denies Plaintiff's motion for remand. Indeed, other courts in this District have followed suit, denying remand after compelling arbitration pursuant to the Convention. *See e.g. Del Orbe v. Royal Caribbean Cruises,* Ltd., 549 F. Supp.2d 1365, 1371 (S.D. Fla. 2008); Acosta, 303 F. Supp.2d at 1332; *Allen,* 2008 WL at *7.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to compel arbitration is granted, and Plaintiff's motion to remand is denied. This case is dismissed, but the Court will retain jurisdiction to enforce the arbitral award. All other pending motions are denied as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of December, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record